# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN JENKINS,

    Plaintiff(s),

vs.

LABORATORY CORPORATION OF AMERICA,

    Defendant(s).

Case No. 2:13-cv-00409-APG-NJK

**ORDER**

(IFP App - Dkt. #1)

  Plaintiff Kevin Jenkins is proceeding in this action pro se and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a Complaint on March 11, 2013. *Id.* This proceeding was referred to this court by Local Rule IB 1-9.

**I.** *In Forma Pauperis* **Application**

  Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.** **Screening the Complaint**

  Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling

on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

### A.   Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiff's suit here is for damages for violations of 42 U.S.C. § 1981, 42 U.S.C. § 2000e et seq., and 29 U.S.C. § 206(a). Claims under these statute invoke the Court's federal jurisdiction.

### B.   Retaliation Claim

Having determined that federal-question jurisdiction exists under the well-pleaded complaint rule, the Court now turns to the sufficiency of the factual allegations to state a claim. Among other claims

brought, Plaintiff claims that he was retaliated against in violation of Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and Equal Employment Opportunity Commission (EEOC) administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id*. If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id*.; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff has attached a right to sue letter from the EEOC to his complaint. Thus, it appears Plaintiff has exhausted his administrative remedies.

To prove a *prima facie* case of retaliation in violation of Title VII, Plaintiff must establish: (1) that he or she committed a protected act, such as complaining about discriminatory practices; (2) that the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94, (9th Cir. 2008). Here, Plaintiff alleges that, *inter alia*, he was terminated because he complained of racial discrimination. *See, e.g.*, Compl. ¶¶ 31, 39, 52. Plaintiff has, therefore, stated a retaliation claim against his employer.

Hence, at the very least, Plaintiff has stated a claim for retaliation under Title VII.[1]

**III. CONCLUSION**

Based on the foregoing and good cause appearing, therefore,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion

---

[1] Because the Court finds that Plaintiff states a retaliation claim under Title VII, it does not address whether additional aspects of the complaint are actionable.

1     without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

2.   The Clerk of the Court shall file the Complaint and shall issue Summons to Defendant, and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.

3.   From this point forward, Plaintiff shall serve upon Defendant, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the Defendants. The Court may disregard any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk which fails to include a certificate of service.

Dated: August 20, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE